IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-157 |
| | ) | |
| RICHARD CRUSE | ) | |

MEMORANDUM OPINION

Defendant Richard Cruse ("Cruse") filed a motion for reduction of sentence pursuant to Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) (ECF No. 72). The government filed a response in opposition (ECF No. 76) and defense counsel filed a reply brief (ECF No. 77). The motion is ripe for decision.

I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On February 6, 2014, Cruse entered a guilty plea for conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, pursuant to a written plea agreement. The conviction carried a statutory mandatory minimum sentence of five years imprisonment. Among other terms, the plea agreement provided: (1) the government would not file an information pursuant to 21 U.S.C. §851, to state his prior drug convictions as a basis for increased punishment; (2) the stipulated quantity of heroin attributable to Cruse was 100-400 grams; (3) pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),[1] the parties stipulated that the appropriate sentence in this case was a term of imprisonment of 78 months, any fine determined by the court, and a term

---

[1] Rule 11(c)(1)(C) allows plea agreements to "specify that an attorney for the government will agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C).

1

of supervised release of five years; and (4) the parties agreed that "no other enhancements, departures or variances are applicable or appropriate." The plea agreement explicitly stated: "The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence."

For Cruse's Presentence Investigation Report ("PSI"), the 2013 Guidelines Manual was used to determine the defendant's offense level. U.S.S.G. § 1B1.11. Cruse's offense carried a base level under § 2D1.1 ("Drug Guideline") of 26. PSI ¶ 18. His offense level was decreased by three levels for accepting responsibility, per § 3E1.1(a) and (b). *Id.* ¶¶ 25, 26. His total offense level, therefore, was 23. *Id.* ¶ 27. Cruse was in criminal history category II. Under those circumstances, his guideline imprisonment range was 51-63 months. *Id.* ¶ 66. Because of the statutory mandatory minimum, however, his guideline range was 60-63 months. *Id.* ¶ 63. *See* U.S.S.G. § 5G1.1(c)(2).

When faced with a Rule 11(c)(1)(C) agreement, the district court "may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A). The court may not accept the agreement unless the court is satisfied that "(1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity." U.S.S.G. § 6B1.2(c). "[T]he decision whether to accept the agreement will often be deferred until the sentencing hearing," which means that "the decision whether to accept the plea agreement will often be made at the same time that the defendant is sentenced." *United States v. Hyde*, 520 U.S. 670, 678 (1997). That was the case here, and on May 15, 2014, the court accepted

the plea agreement and sentenced Cruse in accordance with its terms. (ECF No. 49).[2] The court explained that the parties agreed to a sentence for an upward variance in exchange for the United States not filing a §851 information, and the court found the agreement reasonable in light of the § 3553 sentencing factors.

II. SENTENCE REDUCTIONS AND AMENDMENT 782

The United States Sentencing Commission ("Commission") effectuated amendment 782 to the Guidelines on November 1, 2014. U.S.S.G. App. C, Amdt. 782 (Supp. Nov. 2012-Nov. 2016). Amendment 782 reduced the base offense level by two levels for most drug offenses. *Id.* Cruse was sentenced prior to the date Amendment 782 became effective.

18 U.S.C. § 3582(c)(2) allows the court to modify a term of imprisonment after it has been imposed and upon the defendant's motion. The defendant must have been "sentenced to a term of imprisonment **based on** a sentencing range that has **subsequently been lowered** by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."[3] 18 U.S.C. § 3582(c)(2) (emphasis added). When determining whether a reduction of sentence is appropriate, the court must also consider "the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable" and "if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In sum, there are three requirements: (1) a sentence *based on* a guideline sentencing range; (2) a retroactive

---

[2] The court entered an amended and second amended judgment to reflect that Cruse was in criminal history category II, rather than category III. (ECF Nos. 50, 51).
[3] The Sentencing Commission is required to periodically "review and revise" sentencing guidelines "in consideration of comments and date coming to its attention." 28 U.S.C. § 994(o).

3

reduction of that guideline sentencing range; and (3) reduction of the actual sentence imposed must be consistent with the § 3553(a) factors and any pertinent policy statements.

III. ANALYSIS

A. CRUSE'S SENTENCE WAS "BASED ON" THE GUIDELINES

The Supreme Court recently held that "a sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 138 S.Ct. 1765, 1775 (2018). Typically, there is no doubt "that the defendant's Guidelines range was a basis for his sentence" because "[t]he Sentencing Reform Act requires a district court to calculate and consider a defendant's Guidelines range in every case." *Id.* (citing 18 U.S.C. § 3553(a)). The Guidelines are "the starting point for every sentencing calculation in the federal system," and "a sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is no exception." *Peugh v. United States*, 569 U.S. 530, 542 (2013); *Hughes*, 138 S.Ct. at 1776.

This court's imposition of the Rule 11(c)(1)(C) agreed-upon sentence was "based on" the guidelines. As expressly contemplated in the plea agreement, the court was required to consider the applicable advisory guideline range in imposing sentence. *See* U.S.S.G. § 6B1.2(c). Even though the court varied substantially upward from the applicable guideline range of 60 to 63 months, the court nonetheless considered that range in imposing sentence.

## B. AMENDMENT 782 REDUCED CRUSE'S GUIDELINE RANGE

Cruse's guideline range was slightly modified by Amendment 782. When calculating a defendant's guideline range, the "focus is on the 'end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.'" *United States v. Walker*, No. 17-1637, 2018 WL 3084539, at *2 (3d Cir. June 21, 2018) (citing *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). Defendant's arguments based on revisions to the interim steps of the analysis[4] are, therefore, not persuasive.

The low end of Cruse's guideline range was not affected by Amendment 782. Regardless whether his total offense level was 23 or 21, the low end of the guideline range was based on the statutory mandatory minimum sentence of 60 months, rather than the otherwise-applicable guideline range. U.S.S.G. § 5G1.1(c)(2). *See United States v. Ortiz-Vega*, 744 F.3d 869, 873 (3d Cir. 2014) ("[I]f a defendant is subjected to a mandatory minimum, he or she would not be given a sentence 'based on a sentencing range that has subsequently been lowered.' "); *United States v. Vasquez-Liriano*, 709 F. App'x 136, 137 (3d Cir. 2018) (defendant was not eligible for sentence reduction because his mandatory minimum sentence exceeded both the pre-and post-Amendment guideline ranges).

The high end of Cruse's guideline range, however, is now slightly different. As noted above, the guideline range considered in imposing the original sentence (based on offense level 23 and criminal history category II) was 60-63 months. With the new

---

[4] Cruse's guideline range, prior to consideration of the statutory mandatory minimum, would have changed from 51-63 months to 41-51 months.

5

offense level of 21, and criminal history category II, the high end of Cruse's guideline range is now also driven by the statutory mandatory minimum of 60 months. As explained in the commentary to U.S.S.G. § 5C1.1(b): "If the applicable guideline range is 41-51 months and there is a statutorily required minimum sentence of 60 months, the sentence required by the guidelines under subsection (b) is 60 months."

In summary, prior to Amendment 782 Cruse's guideline range was 60-63 months. After Amendment 782, his guideline "range" is 60 months. This revision in the final guideline range makes Cruse eligible for a sentence reduction. The government concedes that the court has discretion to reduce Cruse's sentence, although it argues that the court should decline to do so.

C. APPLICATION OF THE SECTION 3553 SENTENCING FACTORS

The sentencing judge stated that the original sentence was reasonable in light of the factors set forth in 18 U.S.C. § 3553. In resolving the pending motion, the court will reexamine those factors.

> The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

6

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The court also notes Congress' directive that it "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."

1. Nature of the offense and history of the defendant

Defense counsel contends that there is nothing aggravating about Cruse's background or his conduct which raises public safety concerns. Cruse is now 47 and maintained

regular contact with his wife[5] while incarcerated. (ECF No. 72 at 6). He plans to renew his CDL license and return to the trucking industry when released. The court reviewed the PSI. The PSI reflects that prior to his incarceration Cruse had regular contact with his minor daughter from another relationship, who resides with her mother. He had no significant employment since 2009, other than working under the table as security at local bars. PSI ¶ 57.

The offense of conviction arose out of an investigation of large-scale heroin trafficking. Cruse worked with Alphonso Hyman and codefendant Kevin Rucker, who was described as a "major trafficker of heroin." During a search of defendant's residence, agents recovered $15,000, digital scales and hundreds of stamp bags. Cruse had two prior felony drug convictions. In 1989, he was sentenced in state court to 9 months to 4 years imprisonment for possession with intent to distribute cocaine base. In 1992, he was sentenced in federal court to 92 months imprisonment for conspiracy and distribution of cocaine base, to be served consecutive to his state sentence. Cruse began supervised release on August 28, 2000. The PSI reflects that he absconded from Renewal on November 6, 2000. The nature of the offense and Cruse's history do not support a sentence reduction.

2. Punishment, deterrence, protection of public, correctional treatment

Amendment 782 reflects that the seriousness of the offense under the sentencing guidelines was reduced by two-levels, from base offense level 26 to 24. Congress continues to mandate that the seriousness of the offense requires a 5-year mandatory

---

[5] Defendant's brief identifies his wife as "Tisha Cruse." (ECF No. 72 at 6). The PSI ¶ 46 reflects that Cruse married Dawn Gardner on July 29, 2011 and that the couple had been in a relationship for twelve years. (ECF No. 34).

minimum term of imprisonment. Here, the sentencing range was reduced by only three months. Because Cruse has three felony convictions for drug trafficking involving crack cocaine and heroin, a reduced sentence would be less protective of the public from further crimes of the defendant. A reduced sentence is not necessary in this case to promote respect for the law, provide just punishment for the offense, or afford adequate deterrence to criminal conduct. There is no information about whether a reduced sentence would provide Cruse with needed educational or vocational training. On balance, this factor does not support a sentence reduction.

   3. Types of sentences available

A statutory mandatory minimum term of imprisonment applies. This factor is neutral.

   4. Sentencing Range

As noted above, the statutory mandatory minimum of 60 months applies. The advisory guideline range is now slightly modified, from 60-63 months to 60 months.

   5. Pertinent policy statements

The crux of the parties' argument involves policy. The government asks the court to preserve the essence of the parties' Rule 11(c)(1)(C) plea agreement and stipulated sentence. *See United States v. Lockett*, 406 F.3d 207, 213-14 (3d Cir. 2005), *and decisions cited therein*, (courts must enforce bargained-for agreements so that the government receives the benefit of its bargain). The government agreed to not file a § 851 information, which would have triggered a statutory mandatory minimum of 120 months, in exchange for an upward variance to 78 months.

Defendant responds that under the Aug. 12, 2013 Memorandum to the United States Attorneys and Assistant Attorney General for the Criminal Division, Attorney General

9

Eric Holder, Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases, at 3, *available at* https://www.documentcloud.org/documents/1094233-attorney-general-eric-holders-memorandum-on.html, ("Holder Memo"), it would not have been appropriate for the government to file a § 851 information in Cruse's case. Defendant asserts that Cruse was not an organizer or leader, did not use violence, did not have ties to large-scale drug trafficking organizations, gangs or cartels, and did not have recent prior convictions for serious offenses.

The court is not persuaded by defendant's speculative argument. As a factual matter, despite the Holder Memo the government did, in fact, contemplate filing a § 851 information in this case when the plea agreement was negotiated in February 2014. The sentencing judge explicitly recognized that the 78-month sentence was predicated on the government's agreement to not file the §851 information and that an upward variance on that basis was reasonable. Cruse had two serious prior drug trafficking convictions, one of which resulted in a 92-month prison term. Cruse had ties to large-scale drug trafficking. PSI ¶¶ 9-10. Large amounts of cash and hundreds of stamp bags were seized from Cruse's home and he stipulated to responsibility for 100-400 grams of heroin. In sum, Cruse was involved in conduct that made this case appropriate for filing a § 851 information. The actual sentence imposed by the court reflected an upward variance from the guideline range on that basis. There is no evidence that the stipulated sentence in the plea agreement would have been any different if the guideline range was 60 months instead of 60-63 months. In sum, the policy arguments weigh against a sentence reduction in this case.

6. Unwarranted sentence disparities

Defendant points out that 26,000 individuals have benefited from Amendment 782 and that Cruse should be similarly treated. As explained above, the application of the § 3553 sentencing factors to Cruse justify any sentence disparity in this case.

7. Restitution

This factor is not applicable.

In summary, although there was a slight revision (3 month reduction) to the high end of the advisory guideline range, after considering the § 3553 sentencing factors the court will exercise its discretion to decline to reduce the sentence in this case.

## III. CONCLUSION

Cruse's motion for a reduction of sentence pursuant to Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2) (ECF No. 72) will be denied.

An appropriate order follows.

October 24, 2018.

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 13-157 |
| | ) | |
| RICHARD CRUSE | ) | |

## ORDER

And now this 24th day of October, 2018, in accordance with the memorandum opinion, the motion for reduction of sentence (ECF No. 72) is DENIED.

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Chief United States District Judge