IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 13-157 |
| | ) |
| RICHARD CRUSE, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.     Introduction**

Pending before the court is a motion for early termination of supervised release filed by pro se defendant Richard Cruse ("Cruse") (ECF No. 79). The government filed a response in opposition (ECF No. 82), and the motion is ripe for disposition.

Cruse contends that he was encouraged to seek early termination of supervised release by his probation officer and that he has reunited with his family, become a productive member of society, been gainfully employed, mentored young men and women and satisfied all requirements of supervision. He argues that there is no need for further supervision. The government contends that early termination of Cruse's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a). In particular, the government points out that Cruse agreed to a 5-year term of supervised release in a binding Rule 11(c)(1)(C) plea agreement. For the reasons set forth in this opinion, Cruse's motion for early termination of supervised release will be denied without prejudice to refile.

**II.     Procedural History**

The court incorporates the procedural history set forth in the court's opinion and order dated October 24, 2018 (ECF No. 78), which denied Cruse's motion for a sentence reduction. On February 6, 2014, Cruse entered a guilty plea for conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, pursuant to a written plea agreement. The conviction carried a statutory mandatory minimum sentence of 5 years imprisonment. Among other terms, the plea agreement provided: (1) the government would not file an information pursuant to 21 U.S.C. §851, to state Cruse's prior drug convictions as a basis for increased punishment (which would have resulted in a 10-year mandatory minimum prison term); (2) the stipulated quantity of heroin attributable to Cruse was 100-400 grams; (3) pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),[1] the parties stipulated that the appropriate sentence in this case was a term of imprisonment of 78 months, any fine determined by the court, and a term of supervised release of 5 years; and (4) the parties agreed that "no other enhancements, departures or variances are applicable or appropriate."

Cruse's original advisory guideline range would have been 51-63 months, but became 60-63 months due to the statutory mandatory minimum. After Amendment 782, Cruse's guideline became the 60-month statutory mandatory minimum prison term. The court explained in imposing sentence that the parties agreed to a sentence for an upward variance in the prison term in exchange for the United States not filing a §851

---

[1] Rule 11(c)(1)(C) allows plea agreements to "specify that an attorney for the government will agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C).

information, and the court found the agreement reasonable in light of the § 3553 sentencing factors.

Cruse began serving supervised release on March 18, 2019. His supervision expires on March 17, 2024. There have been no notices of violation of the conditions of release by Cruse.

### III.   Discussion

#### A.  Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[2] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective

---

[2]   Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

- manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 53. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id.

The Third Circuit Court of Appeals clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[3] In other words, "a district court

---

[3] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur

need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1), to the extent possible, to determine whether early termination of Cruse's term of supervised release is warranted by his conduct and in the interest of justice. "Defendant bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release." United States v. Williams, No. CRIM.A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006).

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Cruse's crime was serious. The offense of conviction arose out of an investigation of large-scale heroin trafficking. Cruse worked with Alphonso Hyman and codefendant Kevin Rucker, who was described as a "major trafficker of heroin." During a search of defendant's residence, agents recovered $15,000, digital scales and hundreds of stamp bags.

Cruse has a significant criminal history of drug dealing. Cruse had two prior felony drug convictions before his conviction in this case. In 1989, he was sentenced in state court to 9 months to 4 years imprisonment for possession with intent to distribute

---

only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 978 F.3d at 53.

5

cocaine base.  In 1992, he was sentenced in federal court to 92 months imprisonment for conspiracy and distribution of cocaine base, to be served consecutive to his state sentence.  Cruse absconded from a residential treatment center in 2000, while he was under supervision.

The court accepts that Cruse has engaged in substantial rehabilitative efforts and now has a good job and a supportive family and is a good role model for others in the community.  The court applauds Cruse's efforts and urges him to continue to be a productive member of society.

The serious nature of his crime and his criminal history weigh against the early termination of Cruse's supervised release.  As the government points out, the fact of his compliance may reflect that supervision is serving its deterrent and rehabilitative purposes.

> **2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)**

Cruse received a significant benefit from the government's agreement to not file a § 851 information as part of the plea agreement.  Cruse agreed in the plea agreement that a 5-year term of supervision was appropriate.  The full term of supervision is important to deter Cruse from reengaging in criminal conduct and protects the public from further crimes by a defendant.  Early termination of Cruse's supervision is not warranted.

> **3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)**

6

As discussed above, the advisory guideline range for imprisonment is driven by the statutory mandatory minimum of 60 months. The parties agreed in the plea agreement to an upward variance. Cruse received a significant benefit from avoiding a 10-year mandatory minimum prison term. There is no evidence that this factor warrants early termination of supervised release.

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).

The parties did not discuss any pertinent policy statements. The court notes the policy regarding the court's acceptance of binding Rule 11(c)(1)(C) plea agreements.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).

There is no evidence that Cruse's term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. To the contrary, Cruse is attempting to modify the terms of a binding plea agreement in which he agreed that a 5-year term of supervision was appropriate.

### 6. The need to provide restitution to any victims of the offense, § 3553(a)(7).

Restitution is not applicable.

### C. Whether early termination is warranted and in the interest of justice

In support of his motion, Cruse asserts that he is living a productive, law-abiding lifestyle. The court commends Cruse for his rehabilitation. Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks,

7

No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Cruse did not articulate any particular hardship that he experiences due to the terms of his supervision.  If there is a particular adverse impact, Cruse should explore with his probation officer whether his conditions can be modified to address his concern. Cruse's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime and criminal history and the need to deter criminal conduct, the interest of justice is best served by him completing his term of supervised release.

## IV.    Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 79) without prejudice.

An appropriate order follows.


Dated: April 19, 2023                                  BY THE COURT:

                                                      /s/ JOY FLOWERS CONTI
                                                      Joy Flowers Conti
                                                      Senior United States District Judge